IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL MYVETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO.  12 CV 9464 |
| vs. | ) | |
| | ) | JUDGE THARP |
| CHICAGO POLICE DETECTIVE EDWARD | ) | |
| HEERDT, STAR NO. 20598;  et al., | ) | MAG. JUDGE MARTIN |
| | ) | |
| Defendants. | ) | |

## **PROPOSED JURY INSTRUCTIONS**

     i.     Proposed Jury Instructions

          a.  Agreed Instructions;
          b.  Plaintiff's Proposed Instructions;
          c.  Defendant's Proposed Instructions

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law. You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Agreed Proposed Instruction no. 1

7th Cir. Pattern Instruction 1.01

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

During this trial, if I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Agreed Proposed Instruction no. 2

7th Cir. Pattern Instruction 1.02

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

In this case Defendants Det. Edward Heerdt, Detective Lloyd Almdale and Sgt. Patrick Barker are Chicago police officers, and Plaintiff Paul Myvett is a private party. All parties are equal before the law. Defendants and Plaintiff are entitled to the same fair consideration.

Agreed Proposed Instruction no. 3

7th Cir. Pattern Instruction 1.03 (modified)

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

Agreed Proposed Instruction no. 4

7th Cir. Pattern Instruction 1.04 (modified)

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

## 1.05 DEPOSITION TESTIMONY

During this trial, certain testimony was presented to you by [the reading of a deposition/depositions]. You should give this testimony the same considerations you would give it had the witness[es] appeared and testified here in court.

Agreed Proposed Instruction no. 5 (IF NEEDED)

Seventh Circuit Pattern Civil Jury Instructions 1.05

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: **_____**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Agreed Proposed Instruction no. 6

7th Cir. Pattern Instruction 1.06

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Agreed Proposed Instruction no. 7

7th Cir. Pattern Instruction 1.07

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Agreed Proposed Instruction no. 8

7th Cir. Pattern Instruction 1.08

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

If I instructed you that I admitted certain evidence for a limited purpose, then you must consider this evidence only for the limited purpose for which it was admitted.

Agreed Proposed Instruction no. 9

7th Cir. Pattern Instruction 1.09 (modified)

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: **_____**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Agreed Proposed Instruction no. 10

7th Cir. Pattern Instruction 1.11

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Agreed Proposed Instruction No. 11

7th Cir. Pattern Instruction 1.12

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: **_____**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the

  things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the

  evidence in the case.

Agreed Proposed Instruction No. 12

7th Cir. Pattern Instruction 1.13

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

You may consider statements given by a Party or a Witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Agreed Proposed Instruction No. 13

7th Cir. Pattern Instruction 1.14

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

It is proper for a lawyer to meet with any witness in preparation for trial.

Agreed Proposed Instruction No.14

7th Cir. Pattern Instruction 1.16

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: **_____**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Agreed Proposed Instruction No. 15

7th Cir. Pattern Instruction 1.17

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: **_____**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Agreed Proposed Instruction No. 16

7th Cir. Pattern Instruction 1.18

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: **_____**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Agreed Proposed Instruction No. 17

7th Cir. Pattern Instruction 1.27

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

Plaintiff Paul Myvett must prove by a preponderance of the evidence that Defendants Chicago Police Detective Edward Heerdt, Chicago Police Detective Lloyd Almdale and Chicago Police Sgt. Patrick Barker, were personally involved in the conduct that Plaintiff complains about.  You may not hold Chicago Police Detective Edward Heerdt, Chicago Police Detective Lloyd Almdale or Chicago Police Sgt. Patrick Barker liable for what other persons or Chicago police employees did or did not do.

Agreed Proposed Instruction No. 18

7th Cir. Pattern Instruction 7.02(modified)

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

If you find that Plaintiff has proved any of his claims against Defendants, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

If you find that Plaintiff has failed to prove his claims, then you will not consider the question of damages.

Agreed Instruction No. 19

7th Cir. Pattern Instruction 7.22

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Agreed Proposed Instruction No. 20
7th Cir. Pattern Instruction 1.32

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Agreed Proposed Instruction No. 21

7th Cir. Pattern Instruction 1.33

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

If you decide for the Defendants on the question of liability, then you should not consider the question of damages.

Agreed Proposed Instruction No. 22

7th Cir. Pattern Instruction 1.31

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

The verdict must represent the considered judgment of each juror.  Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Agreed Proposed Instruction No. 23

7th Cir. Proposed Pattern Instruction 1.34

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

**1.25 MULTIPLE DEFENDANTS**

You must give separate consideration to each claim and each party in this case.

Although there are three defendants, it does not necessarily follow that if one is liable, the others are also liable.

In considering a claim against a defendant, you must not consider evidence admitted only against another defendant.

Agreed Proposed Instruction No. 24

*Source: Seventh Circuit Pattern Civil Jury Instructions 1.25 (modified)*

 GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAUL MYVETT,                                )
                                            )
                    Plaintiff,              )
                                            )          NO.     12 CV 9464
vs.                                         )
                                            )          JUDGE THARP
CHICAGO POLICE DETECTIVE EDWARD             )
HEERDT, STAR NO. 20598; et al.,             )          MAG. JUDGE MARTIN
                                            )
                    Defendants.             )


**<u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>**

To succeed on his claim against Defendant Almdale for violation of his constitutional right to due process of law, Myvett must prove by a preponderance of the evidence that:

1.     Defendant Almdale created false evidence pointing to Myvett's alleged guilty by means of improper manipulation and/or outright fabrication of witness statements, and

2.     As a result, Plaintiff suffered deprivation of Plaintiff's liberty.

If you find from your consideration of all the evidence that Plaintiff Myvett proved any one or more of those things as to Defendant Almdale by a preponderance of the evidence, then you should find in favor of Plaintiff Myvett on his due process claim against Defendant Almdale and go on to award damages.

If however you find from your consideration of all the evidence that none of those things has been proved as to Defendant Almdale by a preponderance of the evidence, then you should find against Plaintiff Myvett and in favor of Defendant Almdale on that due process claim.

Plaintiff  Proposed Instruction No. 1

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

To succeed on his claim against Defendant Heerdt for the violation of his constitutional right to due process of law, Plaintiff Myvett must prove by a preponderance of the evidence that:

1.     Defendant Heerdt created false evidence pointing to Plaintiff Myvett's alleged guilty by mans of improper manipulation and/or outright fabrication of witness statements.

2.     As a result, Plaintiff suffered a deprivation of Plaintiff's liberty.

If you find from your consideration of all the evidence that Plaintiff Myvett proved any one or more of those things as to Defendant Heerdt by a preponderance of the evidence, then you should find in favor of Plaintiff Myvett on his due process claim against Defendant Heerdt and go on to award damages.

If however you find from your consideration of all the evidence that none of those things has been proved as to Defendant Heerdt by a preponderance of the evidence, then you should find against Plaintiff Myvett and in favor of Defendant Heerdt on that due process claim.


Plaintiff  Proposed Instruction No. 2

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

To succeed on his claim against Defendant Barker for the violation of his constitutional right to due process of law, Plaintiff Myvett must prove by a preponderance of the evidence that:

1.     Defendant Barker used an unnecessarily vague identification procedure that resulted in an unreliable identification;

2.     Defendant Barker approved police reports which falsely claimed Myvett was identified by witnesses as shooting Reginald Allen in the leg; or

3.     As a result, Plaintiff suffered a deprivation of liberty.

If you find from your consideration of all the evidence that Plaintiff Myvett proved any one or more of those things as to Defendant Barker by a preponderance of the evidence, then you should find in favor of Plaintiff Myvett on his due process claim against Defendant Barker and go on to award damages.

If however you find from your consideration of all the evidence that none of those things has been proved as to Defendant Barker by a preponderance of the evidence, then you should find against Plaintiff Myvett and in favor of Defendant Barker on that due process claim.

Plaintiff  Proposed Instruction No. 3

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

Plaintiff Myvett claims that Defendants Almdale, Heerdt and Barker conspired to violate their constitutional rights. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. The Defendants agreed or engaged in concerted acts sufficient to raise a reasonable inference of mutual understanding to deprive the Plaintiff of his constitutional rights; and

2. As a result of an overt act taken by one or more of the Defendants in furtherance of the conspiracy, the Plaintiff was harmed.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to the Defendants, then you should find for that particular Plaintiff and against the particular Defendant or Defendants, and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff did not prove any one of these things by a preponderance of the evidence as to any of the Defendants, then you should find for the Defendants, and you will not consider the question of damages on the conspiracy claim.

Plaintiff Proposed Instruction No. 4

*Walker v. Thompson*, 228 F.3d 1005, 1008 (7th Cir. 2002); *Admunsen v. Chicago Park Dist.,* 218 F.3d 712, 718 (7th Cir. 2000)

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

To succeed on his state law claim of malicious prosecution, Plaintiff has the burden of proving each of the following things by a preponderance of the evidence:

1.     That one or more of the Defendants commenced a criminal proceeding against plaintiff without probable cause;

2.     That one or more of the Defendants acted with malice;

3.     That the criminal proceeding terminated in favor of plaintiff; and

4.     Plaintiff suffered damages as a result.

If you find from your consideration of all the evidence that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff and against that particular Defendant or Defendants and go on to consider the question of damages on this claim.

If, on the other hand, you find that Plaintiff failed to prove any of these things by a preponderance of the evidence, then you should find for the Defendants on this claim, and you will not consider the question of damages on this claim.

Plaintiff Proposed Instruction No. 5

*Patton v. City of Chicago, et al.*, 09 CV 2901
*Illinois Jury Instructions Sec. 42.02; Swick v. Liautaud*, 662 N.E.2d 1238 (Ill. 1996);

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

One acts without probable cause in commencing a proceeding against another if the circumstances are not sufficient to cause a person of ordinary caution and prudence to hold the belief that Paul Myvett was guilty of aggravated battery to Reginald Allen.

Plaintiff  Proposed Instruction No. 6

*Illinois Jury Instructions Sec. 42.03; Patton v. City of Chicago, et al.*, 09 CV 2901

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

When I use the term "malice," I mean to initiate a prosecution for an improper motive. An improper motive for a prosecution is any reason other than to bring the party to justice. Malice may be inferred from the absence of probable cause if the circumstances that surrounded the bringing of the action are inconsistent with good faith in the absence of probable cause.

Plaintiff Proposed Instruction No. 7

Illinois Jury Instructions Sec. 42.04.  *Patton v. City of Chicago, et al.*, 09 CV 2901 *Turner v. City of Chicago*, 91 Ill. App. 3d 931, 415 N.E.2d 481 (1st Dist. 1980); *Stevens v. Taylor*, 331 Ill. App. 3d 508, 771 N. E.2d 638 (3rd Dist. 2002).

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of false arrest and/or malicious prosecution. These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical and mental/emotional pain and suffering that Plaintiff has experienced.

No evidence of the dollar value of physical, mental/emotional pain and suffering, and loss of normal life, has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

Plaintiff  Proposed Instruction No. 8
7th Circuit Pattern Instruction 7.23 (as modified)

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

If you find for Plaintiff on any of his claims, you may, but are not required to, assess punitive damages against the Defendants. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to the defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendants. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendants' conduct;

- the impact of Defendants' conduct on Plaintiff;

- the relationship between Plaintiff and Defendants;

- the likelihood that Defendants would repeat the conduct if an award of punitive damages is not made;

- Defendants' financial condition; and

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Plaintiff Proposed Instruction No.  9

7th Cir. Pattern Instruction 7.24

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

The mere presence of Plaintiff Paul Myvett on the premises at the time of the shooting, without more, is insufficient to demonstrate or support any criminal liability.

Plaintiff  Proposed Instruction No. 10
*People v. Blue*, 343 Ill.App. 3d 927, 939, 799 N.E.2d 804, 814 (2003); cf. *United States v. Irby,*
588 F.3d 651, 654 (7th Cir. 2009)

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

## **VERDICT FORMS**

### **PART I**

We, the jury, find for Defendants and against Plaintiff on all claims.


Yes: _____          No : _____


If you marked "yes", there is no need to answer the remaining questions.  Go directly to Part IV.
If you marked "no", continue with Part II.

**PART II**

We, the jury, find as to each of the claims of Plaintiff as follows:
(Place an "x" on the appropriate line as to each party and claim)

**A.    Plaintiff's Due Process Claim**

As to Plaintiff's due process claim as to Defendant Almdale:

For Plaintiff _____          For Defendant Almdale _____

As to Plaintiff's due process claim as to Defendant Heerdt:

For Plaintiff _____          For Defendant Heerdt _____

As to Plaintiff's due process claim as to Defendant Barker:

For Plaintiff _____          For Defendant Barker _____

**B.    Plaintiff's Conspiracy Claim**

As to Plaintiff's conspiracy claim as to Defendant Almdale:

For Plaintiff _____          For Defendant Almdale _____

As to Plaintiff's conspiracy claim as to Defendant Heerdt:

For Plaintiff _____          For Defendant Heerdt _____

As to Plaintiff's conspiracy claim as to Defendant Barker:

For Plaintiff _____          For Defendant Barker _____

**C.    Plaintiff's Malicious Prosecution Claim**

As to Plaintiff's malicious prosecution claim as to Defendant Almdale:

For Plaintiff _____          For Defendant Almdale _____

As to Plaintiff's malicious prosecution claim as to Defendant Heerdt:

For Plaintiff _____          For Defendant Heerdt _____

If you found for Plaintiff on any claim in Part II above, continue to Part III.

## PART III

Plaintiff, Paul Myvett, is awarded compensatory damages in the following amount(s):

**A.**     **Plaintiff's Due Process Claim**

$_____

**B.**     **Plaintiff's Conspiracy Claim**

$_____

**C.**     **Plaintiff's Malicious Prosecution Claim**

$_____

Total compensatory damages:  $_____.

**PART IV**

Please sign and date below and return the entire Verdict Form to the marshal (Each juror must sign the form).

Date: _____

_____          _____
Foreperson                                                    Juror

_____          _____
Juror                                                           Juror

_____          _____
Juror                                                           Juror

_____          _____
Juror                                                           Juror

_____          _____
Juror                                                           Juror

Agreed Proposed Verdict Form

GIVEN:_____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL MYVETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO.    12 CV 9464 |
| vs. | ) | |
| | ) | JUDGE THARP |
| CHICAGO POLICE DETECTIVE EDWARD | ) | |
| HEERDT, STAR NO. 20598; et al., | ) | MAG. JUDGE MARTIN |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANTS' PROPOSED JURY INSTRUCTIONS</u>**

## 1.24 DEMONSTRATIVE EXHIBITS

[Maps, diagrams, objects] have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Defendants' Instruction No. 1 (IF NEEDED)

Seventh Circuit Pattern Civil Jury Instructions 1.24 (adapted)

Given _____ Refused _____ Withdrawn _____ Given as Modified _____

## 2.05 EVIDENCE BY STIPULATION

The parties have stipulated, or agreed, that [*stipulated fact*]. You must now treat this fact as having been proved for the purpose of this case.

Defendants' Instruction No. 2

*Source: Seventh Circuit Pattern Jury Instruction* 2.05 (If needed)

Given _____ Refused _____ Withdrawn _____ Given as Modified _____

## 2.14 CAUTION TO ATTORNEY

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

Defendants' Instruction No. 3

*Source: Seventh Circuit Pattern Jury Instruction* 2.14 (If needed)

Given _____ Refused _____ Withdrawn _____ Given as Modified _____

## 1.15 IMPEACHMENT OF WITNESS - CONVICTIONS

You have heard evidence that Plaintiff, Paul Myvett, has been convicted of a crime or crimes. You may consider this evidence only in deciding whether Plaintiff's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

[Note: To be omitted if evidence of convictions is not allowed or is not offered.]

Defendants' Instruction No. 4

Seventh Circuit Pattern Civil Jury Instructions 1.15

Given _____ Refused _____ Withdrawn _____ Given as Modified _____

**7.04 LIMITING INSTRUCTION CONCERNING EVIDENCE OF STATUTES,
ADMINISTRATIVE RULES, REGULATIONS, AND POLICIES**

You have heard evidence about whether the Defendants' conduct complied with policies and procedures of the Chicago Police Department. You may consider this evidence in your deliberations. But remember that the issue is whether the Defendants (1) conspired to and did violate the Plaintiff's due process rights by fabricating evidence and (2) maliciously prosecuted him, not whether the policies and procedures of the Chicago Police Department might have been complied with.

[Note: To be omitted if evidence of policies and procedures is not allowed or is not offered.]

Defendants' Instruction No. 5 (IF NEEDED)

Seventh Circuit Pattern Civil Jury Instructions 7.04 (adapted)

Given _____ Refused _____ Withdrawn _____ Given as Modified _____

## ACCOUNTABILITY THEORY

A person is legally responsible for the criminal offense of another person when, either before or during the commission of the offense, and with the intent to promote or facilitate the commission of the offense, he knowingly solicits, aids, abets, agrees to aid, or attempts to aid the other person in the commission of the offense.

Defendants' Instruction No. 6

*Source: Illinois Criminal Pattern Jury Instruction 5.03 (modified)*

Given _____ Refused _____ Withdrawn _____ Given as Modified _____

**BURDEN OF PROOF AT CRIMINAL TRIAL**

The prosecutor in a criminal trial has the burden of proving the guilt of defendant beyond a reasonable doubt, and this burden remains on the State throughout the case. The defendant is not required to prove his innocence.

Defendants' Instruction No. 7

*Source: Illinois Criminal Pattern Jury Instruction 2.03 (modified)*

Given _____ Refused _____ Withdrawn _____ Given as Modified _____

**PARTICULARS OF CLAIMS/ROAD MAP INSTRUCTION**

In this case, Plaintiff Paul Myvett has asserted claims under federal and state law against Defendants Edward Heerdt, Lloyd Almdale, and Patrick Barker.

First, Plaintiff Paul Myvett claims Defendants Edward Heerdt, Lloyd Almdale, and Patrick Barker fabricated witness statements in violation of his due process rights.

Second, Plaintiff Paul Myvett claims Defendants Edward Heerdt, Lloyd Almdale, and Patrick Barker engaged in a conspiracy to fabricate witness statements in violation of his due process rights.

Third, Plaintiff Paul Myvett claims Defendants Edward Heerdt and Lloyd Almdale maliciously prosecuted him.

The defendants deny each of the plaintiff's claims.

Defendants' Instruction No. 8

*Source: Seventh Circuit Pattern Civil Jury Instructions – Preliminary Instructions*

Given _____ Refused _____ Withdrawn _____ Given as Modified _____

## FIRST CLAIM – VIOLATION OF DUE PROCESS

The plaintiff's first claim is that defendants Edward Heerdt, Lloyd Almdale, and Patrick Barker violated his constitutional right to due process of law.

To succeed on this claim as to the particular defendant you are considering, the plaintiff must prove both of the following things by a preponderance of the evidence:

1.      The defendant knowingly fabricated or participated in the fabrication of material false evidence.

2.      The fabricated evidence was actually used against plaintiff in the criminal proceeding to deprive him of his liberty.

I will now define some of the terms that I have just used.

To find that the defendant fabricated evidence, you must find that the defendant intentionally created false evidence that he knew to be false.  Fabricated evidence does not include false testimony.

Defendants' Instruction No. 9

**Authority**:
*Saunders-El v. Rohde*, 778 F.3d 556 (7th Cir. 2015);
*Petty v. City of Chicago*, 754 F.3d 416 (7th Cir. 2014);
*Munoz v. Rivera*, No. 14 C 6794, 2015 WL 3896917 (N.D. Ill June 23, 2015) (J. Bucklo)

Given _____ Refused _____ Withdrawn _____ Given as Modified _____

## SECOND CLAIM – CONSPIRACY

Plaintiff's second claim is that defendants Edward Heerdt, Lloyd Almdale, and Patrick Barker conspired to deprive him of his right to due process of law by fabricating false evidence. A conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

To succeed on this claim, the plaintiff must prove each of the following things by a preponderance of the evidence as to the particular defendant you are considering:

1. The conspiracy as I have described it existed. Plaintiff must prove there was an agreement between two or more persons to fabricate false evidence that caused Plaintiff's liberty to be deprived. Plaintiff must prove that the participants shared this common purpose. He does not have to prove there was a formal agreement or plan in which all involved met together and worked out the details. He also does not have to prove that each participant knew all the details of the conspiratorial plan or the identity of all the participants.

2. The defendant knowingly became a member of the conspiracy with the intention to carry out the conspiracy.

3. One or more of conspirators committed an act in an effort to carry out the conspiracy.

4. As a result, the plaintiff's due process rights were violated as defined in the first claim.

Defendants' Instruction No. 10

*Source: Based on Instruction given in* <u>*Fields v. City, et al.,*</u> *10 CV-1168, Docket #668*

Given _____ Refused _____ Withdrawn _____ Given as Modified _____

## THIRD CLAIM – MALICIOUS PROSECUTION

The plaintiff's third claim is that defendants Edward Heerdt and Lloyd Almdale maliciously caused him to be prosecuted.

To succeed on this claim as to the particular defendant you are considering, the plaintiff must prove each of the following things by a preponderance of the evidence:

1. The defendant caused a criminal proceeding to be commenced or continued against the plaintiff.

2. There was no probable cause for the criminal proceeding. Probable cause existed if, based on the evidence known at the time, a reasonably prudent person would have believed that the plaintiff was criminally liable for the crime that was charged. The fact that the plaintiff was found not guilty does not, by itself, mean that the defendant did not have probable cause at the time of the charging.

3. The defendant acted with malice. A person acts with malice in commencing a criminal prosecution if he acts for any reason other than to bring another person to justice. You may infer that a person acts with malice if the absence of probable cause is clearly proven and the circumstances are inconsistent with actions made in good faith.

4. The criminal proceeding was terminated in the plaintiff's favor in a manner indicative of his innocence.

5. The plaintiff was damaged as a result of the defendant's actions.

Defendants' Instruction No. 11

*Source: Based on Instruction given in <u>Fields v. City, et al.</u>, 10 CV-1168, Docket #668*

Given _____ Refused _____ Withdrawn _____ Given as Modified _____

## DEFINITION OF PROBABLE CAUSE – MALICIOUS PROSECUTION CLAIM

Let me explain what "probable cause" means for a malicious prosecution claim.

Probable cause is a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person arrested is criminally liable for the offense charged. It is the state of mind of the one commencing the prosecution, and not the actual facts of the case or the guilt or innocence of the accused that is at issue. A reasonable ground for belief of the guilt of the accused may be based on information from other persons as well as on personal knowledge. It is not necessary to verify the correctness or each item of information so obtained; it is sufficient to act with reasonable prudence and caution. The fact that Plaintiff was not convicted of the crimes he was charged with does not mean that there was no probable cause at the time of the commencement or continuation of the criminal proceedings.

**Authority:**

*Aguirre v. City of Chicago*, 382 Ill.App.3d 89, 96-100 (Ill. App. Ct. 2008);
*Turner v. City of Chicago*, 91 Ill. App. 3d 931, 935 (Ill. App. Ct. 1980);
Instructions given in *Perry v. Sgt. K. Jones*, 06 C 1028 Sept. 19, 2007 Holderman, J;
*Swick v. Liautaud*, 169 Ill.2d 504, 512, 662 N.E.2d 1238 (1996);
*Ferguson v. City of Chicago*, 213 Ill.2d 94, 102, 820 N.E.2d 455 (2004)**;**
745 ILCS 10/2-202 (2002)(Tort Immunity Provision);
*Guager v. Hendle*, 954 N.E.2d 307 (Ill. App. Ct. 2011).
*Mosley v. City of Chicago,* 614 F.3d 691, 399 (7th Cir. 2010)
*Denton v. Allstate Ins. Co.*, 152 Ill.App.3d 578, 583, 504 N.E.2d 756, 760 (1st. Dist. 1987);
Instructions given in *Jordan, et al. v. O'Shaunghnessy*, 08 C 6902, Mar. 15, 2012, St. Eve. (docket entry 149);
*Johnson v. Target Stores*, 341 Ill.App.3d 56, 72; 791 N.E.2d 1206, 1219 (1st Dist. 2003).

Defendants' Instruction No. 12

Given _____ Refused _____ Withdrawn _____ Given as Modified _____

## <u>DEFINITION OF "INDICATIVE OF INNOCENCE" FOR MALICIOUS PROSECUTION CLAIM</u>

A criminal proceeding is terminated in a manner indicative of innocence of the accused if the circumstances surrounding the termination of the criminal proceedings compel an inference that there was a lack of reasonable grounds to pursue the criminal prosecution.

**<u>Authority</u>:**

*Aguirre v. City of Chicago*, 382 Ill.App.3d 89, 96-100 (Ill. App. Ct. 2008);
*Turner v. City of Chicago*, 91 Ill. App. 3d 931, 935 (Ill. App. Ct. 1980);
Instructions given in *Perry v. Sgt. K. Jones*, 06 C 1028 Sept. 19, 2007 Holderman, J;
*Swick v. Liautaud*, 169 Ill.2d 504, 512, 662 N.E.2d 1238 (1996);
*Ferguson v. City of Chicago*, 213 Ill.2d 94, 102, 820 N.E.2d 455 (2004)**;**
745 ILCS 10/2-202 (2002)(Tort Immunity Provision);
*Guager v. Hendle*, 954 N.E.2d 307 (Ill. App. Ct. 2011).
*Mosley v. City of Chicago,* 614 F.3d 691, 399 (7th Cir. 2010)
*Denton v. Allstate Ins. Co.*, 152 Ill.App.3d 578, 583, 504 N.E.2d 756, 760 (1st. Dist. 1987);
Instructions given in *Jordan, et al. v. O'Shaunghnessy*, 08 C 6902, Mar. 15, 2012, St. Eve. (docket entry 149);
*Johnson v. Target Stores*, 341 Ill.App.3d 56, 72; 791 N.E.2d 1206, 1219 (1st Dist. 2003).

Defendants' Instruction No. 13

Given _____ Refused _____ Withdrawn _____ Given as Modified _____

## **DEFINITION OF MALICE – MALICIOUS PROSECUTION CLAIM**

Illinois law defines malice as the intent, without justification or excuse, to commit a wrongful act.  In order to find malice, you must find that the criminal proceeding against Plaintiff was commenced or continued by Defendants for the purpose of injuring Plaintiff, or for some other purpose other than to prove that Plaintiff committed the criminal offense charged.

**Authority:**

*Aguirre v. City of Chicago*, 382 Ill.App.3d 89, 96-100 (Ill. App. Ct. 2008);
*Turner v. City of Chicago*, 91 Ill. App. 3d 931, 935 (Ill. App. Ct. 1980);
Instructions given in *Perry v. Sgt. K. Jones*, 06 C 1028 Sept. 19, 2007 Holderman, J;
*Swick v. Liautaud*, 169 Ill.2d 504, 512, 662 N.E.2d 1238 (1996);
*Ferguson v. City of Chicago*, 213 Ill.2d 94, 102, 820 N.E.2d 455 (2004)**;**
745 ILCS 10/2-202 (2002)(Tort Immunity Provision);
*Guager v. Hendle*, 954 N.E.2d 307 (Ill. App. Ct. 2011).
*Mosley v. City of Chicago,* 614 F.3d 691, 399 (7th Cir. 2010)
*Denton v. Allstate Ins. Co.*, 152 Ill.App.3d 578, 583, 504 N.E.2d 756, 760 (1st. Dist. 1987);
Instructions given in *Jordan, et al. v. O'Shaunghnessy*, 08 C 6902, Mar. 15, 2012, St. Eve.
(docket entry 149);
*Johnson v. Target Stores*, 341 Ill.App.3d 56, 72; 791 N.E.2d 1206, 1219 (1st Dist. 2003).

Defendants' Instruction No. 14

Given _____ Refused _____ Withdrawn _____ Given as Modified _____

## 7.23 DAMAGES: COMPENSATORY

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of Defendants' conduct.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The physical and mental/emotional pain and suffering and loss of a normal life that the Plaintiff has experienced.

No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

If you find in favor of Plaintiff but find that the plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00) on that claim.

Defendants' Instruction No.15

*Source: Seventh Circuit Pattern Civil Jury Instructions 7.23 (modified)*

Given _____ Refused _____ Withdrawn _____ Given as Modified _____

## 7.24 DAMAGES: PUNITIVE

If you find for the Plaintiff, you may, but are not required to, assess punitive damages against one or more of the Defendants. The purposes of punitive damages are to punish a defendant for his/her conduct and to serve as an example or warning to defendants and others not to engage in similar conduct in the future.

The Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against one or more of the Defendants. You may assess punitive damages against a Defendant r only if you find that his conduct was malicious or in reckless disregard of the Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring the Plaintiff. Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety or rights.

If you find that punitive damages are appropriate against one or more of the Defendants, then you must use sound reason in setting the amount of those damages against each such Defendant. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages against any Defendant, you should consider the following factors:

- the reprehensibility of that Defendant's conduct;

- the impact of that Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and that Defendant;

- the likelihood that the Defendant would repeat the conduct if an award of punitive damages is not made;

- that Defendant's financial condition [*if needed*]; and

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Defendants' Instruction No.16

*Source: Seventh Circuit Pattern Civil Jury Instructions 7.24 (modified)*

Given _____ Refused _____ Withdrawn _____ Given as Modified _____

## DEFENDANTS' PROPOSED VERDICT FORM

We, the jury, find as follows on the claims of the plaintiff, Paul Myvett, against the defendants, Edward Heerdt, Lloyd Almdale, and Patrick Barker:

### PART I

**First claim – against Edward Heerdt, Lloyd Almdale, and Patrick Barker – due process claim**

_____ For plaintiff        _____ Against plaintiff

**Second claim – against Edward Heerdt, Lloyd Almdale, and Patrick Barker – conspiracy claim**

_____ For plaintiff        _____ Against plaintiff

**Third claim – against Edward Heerdt, Lloyd Almdale – malicious prosecution claim**

_____ For plaintiff        _____ Against plaintiff


(If you found for Plaintiff in any claim above, continue to Part II. If you found against Plaintiff in all claims, disregard Part II and proceed directly to Part III.)

### PART II

### COMPENSATORY DAMAGES


Plaintiff is awarded compensatory damages in the following amount:

$_____

### PUNITIVE DAMAGES

Do you award plaintiff punitive damages, and, if so, in what amount? (As to each defendant, either (1) place an "X" on the NO line, or (2) place an X on the YES line and fill in the amount.)


Defendant Heerdt:        No_____

                         Yes_____        $_____

Defendant Almdale:    No_____

                      Yes_____    $_____

Defendant Barker:     No_____

                      Yes_____    $_____

## PART III

Please sign and date below and return the entire Verdict Form to the marshal
(Each juror must sign the form).

Date: _____

_____          _____
Foreperson                                Juror

_____          _____
Juror                                     Juror

_____          _____
Juror                                     Juror

_____          _____
Juror                                     Juror

_____          _____
Juror                                     Juror

_____          _____
Juror                                     Juror