IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL MYVETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO.   12 CV 9464 |
| vs. | ) | |
| | ) | JUDGE THARP |
| CHICAGO POLICE DETECTIVE EDWARD | ) | |
| HEERDT, STAR NO. 20598; et al., | ) | MAG. JUDGE MARTIN |
| | ) | |
| Defendants. | ) | |

**PROPOSED FINAL PRETRIAL ORDER**

The parties, Plaintiff, Paul Myvett, by and through his attorneys, Law Offices of Jeffrey J. Neslund and Law Offices of Robert Robertson, and the Defendants, City of Chicago, et al., by and through their attorneys, Scott A. Cohen and Daniel Nixa, City of Chicago – Law Department and Eileen E. Rosen, Rock Fusco & Connelly, LLC, respectfully submit the Proposed Final Joint Pretrial Order pursuant to this Court's guidelines and L.R. 16.1:

1.      **JURISDICTION:**

The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper since all events took place in this district.

2.      **TRIAL ATTORNEYS:**

For Plaintiff:

      Jeffrey J. Neslund
      Law Offices of Jeffrey J. Neslund
      20 N. Wacker Drive, Suite 3710
      Chicago, IL 60606
      (312) 223-1100

      Robert Robertson
      Law Offices of Robert Robertson
      20 N. Wacker Drive, Suite 3710

Chicago, IL 60606
(312) 223-8600

For Defendants:

Scott A. Cohen
Daniel Nixa
City of Chicago Department of Law
30 N. LaSalle St., Suite 900
Chicago, IL 60602
(312) 744-2568

Eileen E. Rosen
Rock Fusco & Connelly, LLC
321 North Clark Street, Suite 2200
Chicago, IL 60654

3. **CASE STATEMENT:**

Plaintiff's Proposed Case Statement:

This case arises out of a shooting at a White Castle restaurant on November 27, 2010 in which a man named Reginald Allen was shot in the leg. Plaintiff Paul Myvett claims that Defendant Chicago Police Officers Edward Heerdt, Lloyd Almdale and Patrick Barker violated his constitutional due process rights by fabricating witness statements and conspiring to have him falsely charged, incarcerated and maliciously prosecuted for the shooting.

Defendants deny they violated the Plaintiff's constitutional rights and claim that investigation and prosecution of the Plaintiff was proper.

Defendants' Proposed Case Statement:

This case arises out of a shooting at a White Castle restaurant on November 27, 2010 in which a man named Reginald Allen was shot in the leg. Plaintiff Paul Myvett claims that Defendant Chicago Police Officers Edward Heerdt, Lloyd Almdale and Patrick Barker violated his constitutional due process rights in that they conspired to and did fabricate witness statements

which resulted in him being charged and incarcerated. Paul Myvett also claims that Chicago

Police Officers Edward Heerdt and Lloyd Almdale maliciously prosecuted him.

      Defendants deny these allegations.

**4. WITNESS LISTS:**

Plaintiff Witness List:

(a)      Witnesses who will be called for Plaintiff

| Witness who will be called by Plaintiff | Defendants' Objection |
|---|---|
| Paul Myvett<br>c/o Jeffrey J. Neslund<br>Jeffery J. Neslund Law Offices<br>20 N. Wacker Drive, Suite 3710<br>Chicago, Illinois 60606 | None |
| Chicago Police Officer Scott White | None |
| Chicago Police Officer George Kalfas | None |
| Chicago Police Sergeant Patrick Barker | None |
| Chicago Police Detective Edward Heerdt | None |
| Chicago Police Detective Lloyd M. Almdale | None |
| Chicago Police Officer Sage Allenson | None |
| Reginald Allen<br>6225 N. Claremont, Apt. 1<br>Chicago, Illinois 60659 | None |
| Demetrius Barry<br>8006 S. Blackstone<br>Chicago, Illinois 60619 | None |

(b)      Witnesses who may be called by Plaintiff

| Witness who may be called by Plaintiff | Defendants' Objection |
|---|---|
| Chicago Police Officer George Ghorbanian | None |

|  |  |
|---|---|
| Chicago Police Department Records Custodian | None |
| LaKenya White c/o Independent Police Review Authority | None |
| Chicago Police Officer Bryant Garcia | None |
| Martin Corbello 1200 W. Pratt Chicago, Illinois 60626 | None |
| Cheryl Smith 1450 N. Sedgwick Chicago, Illinois 60614 | None |
| Cameron Thompson 6235 N. Claremont Chicago, Illinois 60659 | Defendants attempted to serve Thompson for deposition but could not locate him. Defendants ask that they be given an opportunity to depose this witness before he testifies if he appears. |
| Brien Smothers 6237 N. Claremont Chicago, Illinois 60659 | Defendants attempted to serve Smothers for deposition and he successfully avoided service. Defendants ask that they be given an opportunity to depose this witness before he testifies if he appears. |
| A.S.A. Joy Repella A.S.A. Christopher Costello c/o Cook County State's Attorneys' Office 2650 S. California Chicago, IL 60608 | No objection as to Repella; Defendants object as to Costello. Costello was not listed in either parties' witness disclosures, nor was he deposed. |
| James Myvett 5928 S. Troop Chicago, IL 60608 | None |
| Jennifer Perez 4500 N. Sawyer Chicago, IL 60625 | None |

| | |
|---|---|
| George Brandon<br>132 Chicago Avenue<br>Evanston, IL 60202 | None |
| A.S.A. Maher Fakhoury<br>c/o Cook County State's Attorneys'<br>Office<br>5600 Old Orchard Road<br>Skokie, IL 60077 | None |
| Wilbur Jackson<br>Illinois Department of Corrections<br>251 N. Illinois Highway 37<br>Ina, IL 62846<br>IDOC #R22425 | None |
| Carla Huffman<br>1200 W. Pratt Boulevard, Apt. 107<br>Chicago, IL 60659 | None |

*Plaintiff reserves the right to call any witness in Defendants' witness list.

(c)     Depositions that will be used for Plaintiff if witness is unavailable for trial:

Plaintiff does not intend to use deposition instead of witnesses.

Defendants' Witness List:

(d) Witnesses who will be called for Defendants:

| Witness who will be called by Defendants | Plaintiff's Objection |
|---|---|
| Lloyd Almdale, Defendant<br>Contacted through Corporation Counsel<br>Tiffany Harris & Scott Cohen<br>City of Chicago Law Department<br>Federal Civil Rights Litigation Division<br>30 North LaSalle Street, #900<br>Chicago, Illinois 60602 | |
| Patrick Barker, Defendant<br>Contacted through Corporation Counsel<br>Tiffany Harris & Scott Cohen<br>City of Chicago Law Department<br>Federal Civil Rights Litigation Division<br>30 North LaSalle Street, #900<br>Chicago, Illinois 60602 | |
| Edward Heerdt, Defendant<br>Contacted through Corporation Counsel<br>Tiffany Harris & Scott Cohen | |

Case: 1:12-cv-09464 Document #: 105 Filed: 01/29/16 Page 6 of 17 PageID #:1247

| | |
|---|---|
| City of Chicago Law Department<br>Federal Civil Rights Litigation Division<br>30 North LaSalle Street, #900<br>Chicago, Illinois 60602 | |
| Chicago Police Officer Scott White | |
| A.S.A. Joy Repella<br>c/o Cook County State's Attorneys' Office<br>2650 S. California<br>Chicago, IL 60608 | |
| Paul Myvett<br>c/o Jeffrey J. Neslund<br>Jeffery J. Neslund Law Offices<br>20 N. Wacker Drive, Suite 3710<br>Chicago, Illinois 60606 | |

(e) Witnesses who may be called for Defendants

| Witness who may be called by Defendants | Plaintiff's Objection |
|---|---|
| Martin Corbello<br>1200 W. Pratt<br>Chicago, Illinois 60626 | |
| Cheryl Smith<br>1450 N. Sedgwick<br>Chicago, Illinois 60614 | |
| Reginald Allen<br>6225 N. Claremont<br>Chicago, Illinois 60659 | |
| Chicago Police Officer Sage Allenson | |
| Chicago Police Officer George Kalfas | |
| Chicago Police Officer George Ghorbanian | |
| Wilbur Jackson<br>Illinois Department of Corrections<br>251 N. Illinois Highway 37<br>Ina, IL 62846<br>IDOC #R22425 | |
| Chicago Police Officer Bryant Garcia | |
| Laura Dunaj, or other Record Keeper with the Office of Emergency Communications, to lay foundation for any documents not stipulated to - 121 N. LaSalle St., Chicago. | |
| Record Keepers with the Chicago | |

| | |
|---|---|
| Police Department, to lay foundation for any documents not stipulated to - to be contacted through Corporation Counsel's Office. | |
| A.S.A. Maher Fakhoury c/o Cook County State's Attorneys' Office 5600 Old Orchard Road Skokie, IL 60077 | |
| Carla Huffman 1200 W. Pratt Boulevard, Apt. 107 Chicago, IL 60659 | |
| LaKenya White c/o Independent Police Review Authority | |
| Demetrius Barry 8006 S. Blackstone Chicago, Illinois 60619 | |

*Defendants reserve the right to call any witness in Plaintiff's witness list.

(f)  Depositions that will be used for Defendants:

Plaintiff does not intend to use deposition instead of witnesses at this time.

5.     **EXHIBIT LISTS:**

**Plaintiff's Exhibit List:**

| No. | Date of Document | Description | Def. Objection |
|---|---|---|---|
| 1 | 11/27/10 | Arrest Report of Paul Myvett, FCRL 694-700 | Foundation as to officers who did not author; Otherwise no objection so long as used for impeachment or refreshing recollection. |
| 2 | 11/27/10 | Original Case Incident Report, FCRL 82-86 | Foundation as to officers who did not author; Otherwise no objection so long as used for impeachment or refreshing recollection. |
| 3 | 11/27/10 | Arrest Report of Wilbur Jackson | Foundation as to officers who did not author; Relevance; Otherwise no objection so long as used for impeachment or |

| No. | Date of Document | Description | Def. Objection |
|---|---|---|---|
| | | | refreshing recollection. |
| 4 | 11/27/10 | City of Chicago/Department of Police Lineup Photospread Advisory Form, Pltf's Bates-stamp 44-46 | None |
| 5 | 07/20/11 | Chicago Police Department Supplementary Report, FCRL 117-127 | Foundation as to officers who did not author; Otherwise no objection so long as used for impeachment or refreshing recollection. |
| 6 | 11/29/10 | Chicago Police Department Supplementary Report, FCRL 128-132 | Foundation as to officers who did not author; Otherwise no objection so long as used for impeachment or refreshing recollection. |
| 7 | 11/27/10 | Chicago Police Department General Progress Reports, FCRL 40-47 | Foundation as to officers who did not author; Otherwise no objection so long as used for impeachment or refreshing recollection. |
| 8 | | Surveillance Video from White Castle restaurant, Pltf's Bates-stamp 280 | None |
| 8(a) | | Still photograph from White Castle Video of Thompson and Smothers leaving the restaurant | Defendants reserve all objections until they have seen this exhibit. |
| 8(b) | | Still photograph from White Castle Video of Paul Myvett leaving the restaurant | Defendants reserve all objections until they have seen this exhibit. |
| 8(c) | | Still photograph from White Castle Video of Corbello, Huffman and Barry leaving the restaurant | Defendants reserve all objections until they have seen this exhibit. |
| Group 9 | | Crime Scene Photographs, FCRL 133-222 | None |
| 9(a) | 11/27/10 | Photographs of Wilbur Jackson's torn jacket, FCRL 139-141 | None |
| 10 | 11/28/10 | Cook County Sheriff's Office, Received Clothing Receipt for Plaintiff's brown boots, Pltf's Bates-stamp 123 | Foundation; Hearsay |
| 11 | 11/28/10 | Transcript in the matter of *People v. Paul Myvett, et al.*, case no. 101136907 (for impeachment purposes) | No objection so long as for impeachment purposes. |
| 12 | 11/30/10 through 11/01/11 | Cook County Jail/Keefe Commissary Network Sales printouts, Pltf's Bates-stamp 215- | Foundation; Relevance |

| No. | Date of Document | Description | Def. Objection |
|---|---|---|---|
| | | 232 | |
| 13 | 01/19/16 | Certified copy of disposition in *People v. Paul Myvett*, case no. 10CR22053 | None |
| 14 | 11/27/10 | Chicago Police Department Inventory No. 12187516 for Wilbur Jackson's black gym shoes with black and red laces, FCRL 71 | None |
| 15 | 11/27/10 | Felony Minutes Form 101, FCRL 48-49 | Foundation as to officers who did not author; Otherwise no objection so long as used for impeachment or refreshing recollection. |
| 16 | 11/23/07<br><br>03/24/08 | Midwest Theological Institute High School Diploma, and<br>Outreach Christian School Certificate of Education, Pltf's Bates-stamp 271-272 | Relevance, foundation |
| 17 | 07/08/15 | Chicago Sun Times Article regarding Chicago Police Detective Heerdt's overtime pay | Prejudicial; Irrelevant; Hearsay See Defendants' corresponding motion *in limine.* |
| 18 | 04/19/13 | Chicago Police Sgt. Patrick Barker's Answers to Interrogatories | No objection so long as used for impeachment or refreshing recollection. |
| 19 | 04/19/13 | Chicago Police Detective Edward Heerdt's Answers to Interrogatories | No objection so long as used for impeachment or refreshing recollection. |
| 20 | 04/19/13 | Chicago Police Detective Lloyd M. Almdale's Answers to Interrogatories | No objection so long as used for impeachment or refreshing recollection. |
| Group Ex. 21 | | Two (2) photographs: one photograph of Plaintiff's daughters and one photograph of Plaintiff with his daughters | None |
| Group Ex. 22 | | Eight (8) Letters from Plaintiff's daughters to Plaintiff | Unduly prejudicial; Cumulative |
| Group Ex. 23 | | Four (4) Father's Day cards from Plaintiff's daughters to Plaintiff | Unduly prejudicial; Cumulative |
| 24 | 03/01/11 | Illinois State Police Laboratory Report, Pltf's Bates-stamp 124-125 | Foundation; Hearsay; Relevance |
| 25 | 06/15/11 | Illinois State Police Laboratory Report, Pltf's Bates-stamp 126-127 | Foundation; Hearsay; Relevance |
| 26 | 11/30/10 | Illinois State Police Evidence Submission Form for Chicago Police | Foundation; Hearsay; Relevance |

| No. | Date of Document | Description | Def. Objection |
|-----|------------------|-------------|----------------|
|     |                  | Department, FCRL 114-115 |     |
| 27  | 11/27/10         | OEMC Audio, FCRL 652 | None |
| 28  | 11/27/10         | OEMC Event Query, FCRL 637-651 | None |

Plaintiff also reserves the right to use any of the Defendants' exhibits.

**Defendants' Exhibit List:**

| No. | Date of Document | Description | Plaintiff's Objection |
|-----|------------------|-------------|-----------------------|
| 1   | 11/27/10         | Original Case Incident Report, FCRL 656-660 (for refreshing recollection) | |
| 2   | 11/27/10         | Case Supplementary Report, FCRL 1-24 (for refreshing recollection) | |
| 3   | 07/20/11         | Case Supplementary Report, FCRL 117-127 (for refreshing recollection) | |
| 4   | 11/27/10         | Sketch of White Castle, FCRL 38 | |
| 5   | 11/27/10         | General Progress Reports, FCRL 39-47 (for refreshing recollection) | |
| 6   | 11/27/10         | Crime Scene Photographs, FCRL 133-222 | |
| 7   | 11/27/10         | Processing Photo of Plaintiff, FCRL 625 | |
| 8   | 11/27/10         | Processing Photo of Wilbur Jackson, *previously tendered to counsel for Plaintiff* | |
| 9   | 11/27/10         | White Castle Surveillance Video, FCRL 635-636; Pltf's 280 | |
| 10  | 11/27/10         | OEMC Audio, FCRL 652 | Objection, hearsay unless used with witness whose voice is on recording. |
|     | 11/27/10         | OEMC Event Query, FCRL 637-651 | Objection, hearsay content of information from 911 calls. |
| 11  | various          | Transcripts in the matter of *People v. Paul Myvett, et al.*, case no. 101136907 (for impeachment | |

10

| No. | Date of Document | Description | Plaintiff's Objection |
|-----|------------------|-------------|------------------------|
|     |                  | purposes)   |                        |
| 12  | various          | Transcripts in the matter of *Jackson v. Ghorbanian, et al.*, case no. 12 CV 1373 (for impeachment purposes) | Objection. Transcripts have not been produced to Plaintiff. |
| 13  | 11/27/10         | Arrest Report, FCRL 694-700 (for refreshing recollection) | |
| 14  | 11/27/10         | City of Chicago/Department of Police Lineup Photo spread Advisory Form, Pltf's Bates-stamp 44-46 | |
| 15  |                  | Demonstrative maps or diagram of the scene of the arrest and/or the White Castle restaurant | |
| 16  | 6/12/13          | Plaintiff's answers to interrogatories (for impeachment purposes) | |
| 17  | 11/27/10         | Cheryl Smith's Team Member Witness Statement, Pltf's Bates-stamp 277-278 | Objection, hearsay unless used to refresh recollection or impeachment. |
| 18  |                  | Certified Statement of Conviction, *People v.* Myvett, 07 CR 150060(01) | Objection, see Plaintiff's Motion *in Limine* #4 |
| 19  |                  | Certified Statement of Conviction, *People v.* Myvett, 00 CR 05407(01) | Objection, relevance Rule 609, see Plaintiff's Motion *in Limine* #4 |
| 20  |                  | Certified Statement of Conviction, *People v.* Myvett, 98 CR 23301(03) | Objection, relevance Rule 609, see Plaintiff's Motion *in Limine* #4 |

**6.    DAMAGE ITEMIZATION:**

The Plaintiff seeks the following relief:

1.    Compensatory damages in a dollar amount sufficient to compensate the Plaintiff for the wrongful deprivation of Plaintiff's Civil Rights and malicious prosecution.

2.     Punitive damages in a dollar amount to punish the Defendants and deter future conduct for the wrongful deprivation of Plaintiff's Civil Rights.

3.     Plaintiff's attorney's fees pursuant to 42 U.S.C. § 1988; and

4.     Plaintiff's costs associated with prosecuting this lawsuit.

**7.     MOTIONS IN LIMINE:**

**Plaintiff's Motions In Limine:**

Plaintiff  has filed his motions in limine under separate cover.

**Defendants' Motions In Limine:**

Defendants have filed their motions in limine under separate cover.

**Agreed Motions In Limine:**

1.     Bar any argument or inference that any verdict would have any negative impact on police services, tax payers or the public in general.

2.     To bar any evidence regarding any Chicago Police commendations, awards or other Department recognition to bolster the character of the Defendants.

3.     To bar any evidence, inference or argument regarding Plaintiffs' prior settled lawsuit against the City of Chicago.  Such evidence is irrelevant and prejudicial. F.R.E. 404(b) and 403.

4.     Bar references to the neighborhood where the incident occurred as a "high crime area," "drug area," "gang area," or similar irrelevant and prejudicial characterizations.

5.     To exclude trial witnesses from the courtroom until such time a witness is called to testify.

6.     To bar evidence of any of Plaintiff's tattoos.  Irrelevant.

7.     To bar evidence or testimony of police officers' CR/disciplinary/complaint histories.

8.     To bar evidence or testimony regarding use of excessive force against Plaintiff or denial of medical care.

9.     Bar testimony or argument referencing Wilbur Jackson's civil lawsuit, *Jackson v. Ghorbanian*, 12 C 1373.

10.    Bar argument that the officers violated Chicago Police Department general or special orders.

11.    Bar arguments regarding or reference to other unrelated events which may have received significant media attention (Burge, SOS, McDonald, etc.).

12.    Bar arguments or questioning regarding officers being paid to testify.

13.    Bar arguments or questioning regarding how the City fails to train or hire properly.

14.    Bar argument or reference to the defendants having a racial motive or bias.

15.    Bar argument that the jury should send Chicago Police Department or the City a message with its verdict.

16.    Bar attorneys from conferring with a witness while under oath.

17.    Bar reference to settlement negotiations.

18.    Bar reference to the City as a defendant.

19.    Bar argument regarding improper conduct of non-defendant police officers.

       **8.**     **PROPOSED VOIR DIRE:**

**Plaintiff's Proposed Voir Dire:**

| Question No. | Plaintiff's Proposed Voir Dire Question | Defendants' Objection |
|---|---|---|
| 1 | Have you or any of your friends or relatives ever worked for any law enforcement agency? | |
| 2 | Are you related to or friendly with any past or present employee of any law enforcement agency? | |
| 3 | Do you belong to any clubs or organizations? | |
| 4 | Do you have any bumper stickers on your vehicle? | |
| 5 | Have you ever been in Court under any circumstances; as a party, witness, with friends, or merely as an observer? | |
| 6 | Have you served in the military? Overseas? In Combat? | |
| 7 | Do you have relatives or close friends who are lawyers or judges. Do you feel any such | |

13

| | | |
|---|---|---|
| | associations would affect your judgment in this case? | |
| 8 | Do you have any pre-conceived opinions regarding the conduct of police officers or their truthfulness? | |
| 9 | Would you be able to evaluate [the] testimony of a police officer in the same way as you would the testimony of any other witness. | |
| 10 | State your City of residence for the last 5 years? If Chicago, identify [the] area of the City. | |
| 11 | Marital status (married, divorced, widowed)? | |
| 12 | [Do you have] children (number, ages)? If so, what is their highest level of education and / occupation? | |
| 13 | Education (level of school, degrees)? | |
| 14 | Your employment for the last 5 years (employer and job description)? | |
| 15 | Employment of persons living with you, including but not limited to:<br>    -spouse;<br>    -children;<br>    -parents;<br>        -roommates. | |
| 16 | Outside interests and hobbies; favorite TV and radio shows, newspapers and magazines, websites? | |
| 17 | Whether you served on a jury before; when and what kind of case; whether a verdict was reached (do not disclose what the verdict was)? Were you the foreperson? | |
| 18 | Have you or a close friend or member of your immediate family been a party to or a witness in a civil lawsuit, administrative action or criminal case (other than a routine traffic case)? If so, type of proceeding(s), date(s), and nature of your involvement (plaintiff, defendant, witness, crime victim, etc.)? | |
| 19 | Do you hold any philosophical or religious beliefs that would prevent you from sitting in judgment of another person? | |

| 20 | Is there anything about this case, the identity or status of parties, or anything else you've seen or heard today that would impair your ability to be a fair and impartial juror? | |
| 21 | Do you believe that police officers are capable of fabricating evidence to frame someone for a crime they didn't commit? | Argumentative; Suggestive; Prejudicial |
| 22 | Have you or any family members had any experience with law enforcement that you would categorize as unpleasant or negative. | No objection so long as this question is asked at sidebar. |
| 23 | Have you ever had an occasion where you believe your civil rights were violated? | No objection so long as this question is asked at sidebar. |
| 24 | If yes, did you ever consider filing suit? | No objection so long as this question is asked at sidebar. |
| 25 | If the plaintiff proves his case, are you able to put a dollar amount on damages such as physical and emotional pain and suffering? | |
| 26 | Do you have any strong feelings, either way, about our legal system which allows citizens to bring lawsuits for violations of civil rights? <br><br> If so, please describe what your feelings are. | Argumentative; Suggestive; Prejudicial |
| 27 | Have you seen or heard about the documentary "Making of a Murderer" on Netflix? <br><br> If so, what do you think of it? | No objection so long as this question is asked at sidebar. |
| 28 | Do you believe that police are capable of framing someone or fabricating evidence? | |

**Defendants' Proposed Voir Dire:**

In addition to the general voir dire questions asked by this Court, Defendants propose that the following additional questions be asked of the venire:

| Question No. | Defendants' Proposed Voir Dire Question | Plaintiff's Objection |
|---|---|---|
| 1 | Do you have any legal training? | |
| 2 | Have you or a close friend or immediate family member ever witnessed or been the victim of a crime? | |

| | | |
|---|---|---|
| 3 | Do you know any of the parties, attorneys, court personnel, or witnesses? | |
| 4 | Do you have any relatives or close friends who are attorneys, judges, or court personnel? | |
| 5 | Have you, or any relatives or close friends, ever been questioned or detained by a police officer, arrested or charged with violating any law or offense, or convicted of a crime, jailed, or imprisoned? *Defendants ask that this be asked at sidebar.* | |
| 6 | From what sources do you get your news? Specifically, what website, radio or television station, etc. | |
| 7 | Do you have any feelings or opinions, positive or negative, regarding law enforcement of law enforcement officers that could affect your ability to be fair to all parties in this case? | |
| 8 | Will you be able to send Plaintiff home without any money if he fails to prove every element of his case, even if you find that he has suffered an injury? | |

9. **JURY INSTRUCTIONS:**

Plaintiff's Proposed Instructions:

Plaintiff's proposed jury instructions are filed under separate cover.

Defendants' Proposed Instructions:

Defendants' proposed jury instructions are filed under separate cover.

Date: _____

_____
HONORABLE JUDGE THARP

16

Attorneys for Plaintiff:

/s/ Jeffrey J. Neslund
Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 N. Wacker Drive, Suite 3710
Chicago, IL 60606
(312) 223-1100

/s/ Robert  Robertson
Robert Robertson
Law Offices of Robert Robertson
20 N. Wacker Drive, Suite 3710
Chicago, IL 60606
(312) 223-8600

Attorneys for Defendants


/s/ *Scott Cohen*
Scott Cohen

/s/ Daniel Nixa
Daniel Nixa

City of Chicago Department of Law
30 N. LaSalle St., Suite 900
Chicago, IL 60602

/s/ Eileen E. Rosen
Eileen E. Rosen
Rock Fusco & Connelly, LLC
321 North Clark Street, Suite 2200
Chicago, IL 60654