

12cv9464 Myvett vs. Heerdt, et al        Jury Instructions

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

In this case, Plaintiff Paul Myvett has asserted claims under federal and state law against Defendants Edward Heerdt, Lloyd Almdale, and Patrick Barker.

First, Plaintiff Paul Myvett claims Defendants Edward Heerdt, Lloyd Almdale, and Patrick Barker fabricated witness statements in violation of his due process rights.

Second, Plaintiff Paul Myvett claims Defendants Edward Heerdt, Lloyd Almdale, and Patrick Barker engaged in a conspiracy to fabricate witness statements in violation of his due process rights.

Third, Plaintiff Paul Myvett claims Defendants Edward Heerdt and Lloyd Almdale maliciously prosecuted him.

The defendants deny each of the plaintiff's claims.

Your only job as jurors will be to determine whether the plaintiff has proven by a preponderance of evidence the elements of his claims.

This job requires you to perform two duties. Your first duty is to decide the facts from the evidence in the case. This is your duty, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

In this case, Defendants Det. Edward Heerdt, Detective Lloyd Almdale, and Sgt. Patrick Barker are Chicago police officers, and Plaintiff Paul Myvett is a private party. All parties are equal before the law. Both the plaintiff and the defendants are entitled to the same fair consideration.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be. During this trial I may have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

*****

1



FILED
FEB 25 2016
JUDGE JOHN J. THARP, JR.
UNITED STATES DISTRICT COURT

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence. Nothing else is evidence.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

I want to list specifically for you some things that are not to be considered as evidence:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. They have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the parties' opening statements and closing arguments are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what is said in opening statements or closing arguments, your memory is what counts.

Fifth, your notes are not evidence. Any notes you have taken during this trial are only aids to your memory. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony and exhibits.

Sixth, certain diagrams have been shown to you. Those diagrams were used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

*****

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

During this trial, certain testimony was presented to you by the reading of depositions. You should give this testimony the same consideration you would give it had the witnesses

appeared and testified here in court. You should not, however, be influenced by the tone, inflection, or other aspects of the manner in which the depositions were read to you.

You may consider statements given by a Party or a Witness under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give to the testimony provided here in court.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to the testimony provided here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

You have heard evidence that, prior to the events at issue in this trial, Plaintiff Paul Myvett was convicted of crimes. You may consider this evidence only in deciding whether unlawful conduct by any defendant caused any damage claimed by Mr. Myvett and in evaluating whether Mr. Myvett's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose. More specifically, you may not consider the fact of Mr. Myvett's prior convictions as evidence that Mr. Myvett was culpable in the shooting of Reginald Allen.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

It is proper for a lawyer to meet with any witness in preparation for trial.

*****

You must give separate consideration to each claim and each party in this case.

Although there are three defendants, it does not necessarily follow that if one is liable, the others are also liable.

To prove a claim against a particular defendant, Plaintiff Paul Myvett must prove by a preponderance of the evidence that the defendant in question was personally involved in the conduct that Plaintiff Myvett complains about. You may not hold a defendant liable for what other persons or Chicago police employees did or did not do.

A person is legally responsible for the criminal offense of another person when, either before or during the commission of the offense, and with the intent to promote or facilitate the commission of the offense, he knowingly solicits, aids, abets, agrees to aid, or attempts to aid the other person in the commission of the offense.

The mere presence of Plaintiff Paul Myvett on the premises at the time of the shooting, without more, is insufficient to demonstrate or support any criminal liability.

The standard of proof in Plaintiff Myvett's criminal trial was proof "beyond a reasonable doubt." The standard of proof in this civil trial is proof by "the preponderance of the evidence."

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case that bears on whether an allegation is true, you must be persuaded that it is more probably true than not true.

If you find that the plaintiff has proved one or more of his claims against one or more of the defendants, then you must determine what amount of compensatory damages Plaintiff is entitled to recover and whether any award of punitive damages should be made.

If you find that the plaintiff has failed to prove any of his claims, then you will not consider the question of damages.

*****

The plaintiff's first claim is that defendants Edward Heerdt, Lloyd Almdale, and Patrick Barker violated his constitutional right to due process of law.

To succeed on this claim as to the particular defendant you are considering, the plaintiff must prove both of the following things by a preponderance of the evidence:

1. The defendant knowingly fabricated or participated in the fabrication of materially false or misleading evidence.

2. The fabricated evidence was used against plaintiff in the criminal proceeding to deprive him of his liberty.

5

To find that a defendant fabricated evidence, you must find that the defendant intentionally created evidence that he knew to be false. Fabricated evidence does not include false testimony by a defendant before a grand jury or at trial.

\*\*\*\*\*

Plaintiff Myvett's second claim is that defendants Edward Heerdt, Lloyd Almdale, and Patrick Barker conspired to deprive him of constitutional rights by fabricating false evidence implicating him in the shooting of Reginald Allen.

To succeed on this claim, the plaintiff must prove each of the following things by a preponderance of the evidence as to the particular defendant you are considering:

1. The conspiracy as I have just described it existed;

2. The defendant knowingly became a member of the conspiracy; and

3. One or more of the conspirators committed an act in an effort to carry out the conspiracy.

A conspiracy is an agreement, express or implied, to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. In deciding whether the alleged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

To find that a defendant was a member of a conspiracy, the plaintiff must prove by a preponderance of the evidence that the defendant was aware of the unlawful goal of the conspiracy and knowingly joined the conspiracy.

A defendant is not a member of a conspiracy just because he knew or associated with people who were involved in a conspiracy, or knew that there was a conspiracy.

In deciding whether a particular defendant joined the conspiracy the plaintiff has alleged, you must base your decision only on what that defendant did or said. To determine what that defendant did or said, you may consider that defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant you are considering did or said.

\*\*\*\*\*

To succeed on his claim of malicious prosecution, the plaintiff has the burden of proving each of the following things as to the defendant you are considering by a preponderance of the evidence:

6

1. That the defendant commenced or continued a criminal proceeding against plaintiff without probable cause;

2. That the defendant acted with malice;

3. That the criminal proceeding terminated in favor of the plaintiff; and

4. The plaintiff suffered damages as a result.

The criminal proceeding against Mr. Myvett was terminated in his favor, so you should consider that the third element above has been satisfied.

If you find from your consideration of all the evidence that the plaintiff has proved each of these things by a preponderance of the evidence, then you should find for the plaintiff and against the defendant you are considering on this claim.

If, on the other hand, you find that the plaintiff failed to prove one or more of these things by a preponderance of the evidence, then you should find for the defendant you are considering on this claim.

Let me explain what "probable cause" means for a malicious prosecution claim. There is probable cause to pursue a criminal prosecution if a prudent person would have believed that the defendant had committed a crime based on information known to, or provided by others to, that person. Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even on a showing that the belief of those pursuing the charge was probably right. The fact that a defendant in a criminal case is not convicted of a charged crime does not by itself mean that there was not probable cause at the time of the commencement of the criminal proceedings. For a malicious prosecution claim, the relevant time period for making the probable cause determination begins at the time when the charging documents are filed, not at the time of the initial arrest.

Malice is the intent, without justification or excuse, to commit a wrongful act. In order to find malice, you must find that the criminal proceeding against Plaintiff was commenced or continued by Defendants for the purpose of injuring Plaintiff, or for some purpose other than to prove that Plaintiff committed the criminal offense charged.

*****

If you find in favor of the plaintiff, then you must determine the amount of money that will fairly compensate the plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the conduct for which you have found one or more of the defendants liable. These are called "compensatory damages."

The plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence, not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

> The physical and mental/emotional pain and suffering that the plaintiff has experienced.

No evidence of the dollar value of physical, mental/emotional pain and suffering, and loss of normal life, has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the plaintiff for the injury he has sustained.

*****

If you find for Plaintiff on any of his claims, you may, but are not required to, assess punitive damages against any defendant who you have found to be liable to the plaintiff. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to the defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against any particular defendant. You may assess punitive damages against a defendant only if you find that his conduct was malicious or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights.

If you find that punitive damages are appropriate as to one or more of the defendants, additional evidence relating to the appropriate amount of punitive damages to assess may be introduced and you will then deliberate further in order to determine the amount of punitive damages to be awarded. In that event, I will also have additional instructions for you regarding the determination of the amount of punitive damages.

*****

Upon retiring to the jury room, you must select a foreperson. The foreperson will preside over your deliberations and will be your representative here in court.

During your deliberations, you must not communicate with anyone about this case, or provide information to anyone about this case, other than your fellow jurors. You cannot talk to anyone in person or on the phone, correspond with anyone, or electronically communicate with anyone about the case. All forms of communication are subject to this instruction, including

8

email, text messaging, instant messaging, blogging, and posting on social media and networking platforms such as Facebook, Twitter, Tumblr, Instagram, or Snapchat. You may not use any electronic device, such as a cell phone, smart phone, tablet, or computer to communicate with anyone about this case. If anyone attempts to communicate with you about the case, through any of the methods I have listed or any others, you must inform me right away.

Also, you must not conduct any independent research about this case by any means. This means that you may not use any printed or electronic source to look up any information about the case. In other words, you should not consult any reference materials or search the Internet to obtain information about the matters in the case, or the individuals involved in the case, or to help you in any other way to decide the case. You may not do any personal investigation, or visit any of the places involved in this case, or create your own demonstrations or reenactments of the events which are the subject of this case.

The reason that you cannot communicate with anyone about the case or conduct your own investigation or research is that it is critical that you decide this case based solely on the evidence presented in this courtroom—which is the only evidence that has been seen and heard by all of your fellow jurors as well as by the parties in the case. Permitting communications, investigation, or research outside the courtroom would jeopardize the fairness of these proceedings because your verdict might then have been based on information that is not reliable or admissible, that the parties did not have an opportunity to address, and that your fellow jurors did not have the opportunity to consider.

I do not anticipate that you will need to communicate with me during your deliberations, but if you do need to communicate with me, the only proper way is in writing. The writing must be signed by the foreperson, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the Court Security Officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally. Please be advised that, before responding to any note from the jury, I may need to confer with the parties in the case, so it may take some time before I can respond. You may continue with your deliberations pending a response.

If you communicate with me, you should not indicate in your note what your numerical division is, if any.

Please understand that transcripts of trial testimony will not be available to you during your deliberations.

The verdict must represent the considered judgment of each juror. Your verdict, regardless of who it favors, must be unanimous.

Forms of verdict have been prepared for you.

You will have this form in the jury room, and when you have reached unanimous

9

agreement on the verdict, your foreperson juror will fill in and date the appropriate form, and all of you will sign it. Each of you may be asked to confirm your verdict in court.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. Remember: You are the impartial judges of the facts.

*****